ORME, Judge
(concurring specially):
129 I concur in Judge McHugh's opinion concerning the treatment of Daughter's hob *306 by expenses. I concur in the result reached in section I of Judge Thorne's opinion concerning the handling of Wife's housing expenses. With respect to the latter, the resolution seems fair and equitable under all the civreumstances. It strikes me as a bit of a stretch to get there, however, strictly in terms of the standard of living "enjoyed" by the parties during the marriage. To elevate a lifestyle featuring a $68,000 marital residence, with a dwelling in disrepair, to one featuring a property worth $140,000 simply because horses roamed the grounds of the marital residence seems hard to justify.
30 Significantly, the district court found that the poor condition of the marital dwelling was not due to a mutual decision of the parties, but to Husband's neglect. Indeed, in concluding that the $68,000 property value was attributable all but exclusively to the value of the land, the district court determined that Husband "bears the responsibility for the home's decline in value."
{31 I am not persuaded that a simple "standard of living during the marriage" analysis justifies treating Wife as having housing expenses attributable to a $140,000 home. But if due regard is given to Husband's fault in reducing the parties' standard of living during the marriage to one that was artificially low, at least as concerns housing, the trial court's analysis is sound. I recognize that the trial court did not use the word "fault" in its analysis, possibly because of the controversy that the concept has generated in our jurisprudence,[13] but it is clear to me that this is exactly what the trial court had in mind in making its alimony award. And "fault" is an appropriate factor to consider in awarding alimony. See Utah Code Ann. § 30-8-5(8)(b) (2008) ("The court may consider the fault of the parties in determining alimony."); Riley v. Riley, 2006 UT App 214, ¶ 18 & n. 2, 138 P.3d 84 (recognizing the Legislature's enactment of section 5(8)(b) and the resulting authorization for "trial court's to consider fault in determining alimony awards"); id. 123 (holding that "Husband's fault goes a long way in explaining the propriety of a $900 per month alimony award, even though such an award would be too high if only economic factors were considered").

. Compare Mark v. Mark, 2009 UT App 374, ¶¶ 18, 20, 223 P.3d 476 (stating that "(als currently written, Utah Code section 30-3-5(8)(b) provides no meaningful guidance" on how to consider the fault of the parties in determining alimony and holding that "until the legislature clearly defines fault in the statute, it is inappropriate to attach any consequence to the consideration of fault when making an alimony award"); with id. 125 (Orme, J., dissenting) ("[The Legislature's clear statement that fault may be considered in alimony determinations represents a policy judgment that courts should take to heart and endeavor to follow.") (internal citation omitted). See also Myers v. Myers, 2010 UT App 74, ¶¶ 11-12 & n. 3, 231 P.3d 815 (discussing the discrepancy between the holdings in Mark and Riley v. Riley, 2006 UT App 214, 138 P.3d 84), aff'd, 2011 UT 65, 266 P.3d 806.